IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONES ASSIGNED CALL NUMBERS 214-840-9783 (TT1) WITH INTERNATIONAL MOBILE SUBCRIBER IDENTITY 310260042263727 AND 657-446-2070 (TT2) WITH INTERNATIONAL MOBILE SUBCRIBER IDENTITY 310410298502895 | Case No. 1:22-mj-17<br><br>Case No. 1:22-mj-19<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Andrew E. Bergren, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 214-840-9783, the "Target Cell Phone #1", hereafter referred to as "**TT1** and/or **Target Cell Phone #1**", further described in Attachment A-1, incorporated by reference herein, whose service provider is T-214ile USA, headquartered at 4 Sylvan Way, Parsippany, New Jersey, and information about the location of the cellular telephone assigned call number 657-446-2070, the "Target Cell Phone #2", hereafter referred to as "**TT2** and/or **Target Cell Phone #2**", further described in Attachment A-2, incorporated by reference herein, whose service provider is AT&T, headquartered at 11760 US HWY 1, Palm Beach, FL 33408. The listed subscriber of **TT1** is Richard Stalker and the subscriber address is 7 Hope Blvd, Galveston, TX 77554. The listed subscriber of **TT2** is Johnny Walker and the subscriber address is 835 E Orangethorpe Ave, Anaheim, CA 92801. **Target Cell Phone #1** is described herein and in Attachment A-1 and **Target Cell Phone #2** is

described herein and in Attachment A-2. The location information to be seized is described herein and in Attachments B-1 and B-2.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I am a Special Agent with the Drug Enforcement Administration (DEA), United States Department of Justice, and have been since 1997. As such, I am an investigator or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), and empowered by law to conduct investigations of, among other things, offenses enumerated in Title 18, United States Code, Section 2516. I have been employed as a Special Agent with DEA for the past 24 years. In connection with my official DEA duties, I investigate criminal violations of the federal narcotics laws, including but not limited to, Title 21, United States Code, Sections 841, 843, 846, and 848. I have received specialized training in the enforcement of laws concerning the activities of narcotics traffickers including four months of DEA basic training in Quantico, Virginia, as well as periodic refresher training offered by the DEA. I am currently assigned to the Chattanooga Resident Office.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841(a)(1), 846, and 843(b) have been committed, are being committed, and will be committed by Curtis James BINGHAM, using **TT1** and **TT2**. There is also probable cause to believe that the location information described in Attachments B-1 and B-2 will constitute evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7. The United States, including the Drug Enforcement Administration, is conducting a criminal investigation of Curtis James BINGHAM, and others regarding possible violations of Title 21, United States Code, Sections 841(a)(1), 846, and 843(b).

8. In early December of 2021, United States Postal Inspection Service (USPIS) Task Force Officer (TFO) Lauren Moon identified a suspicious parcel inbound to Chattanooga, TN, from Bakersfield, CA. The target parcel was sent from a known "Source City" (Bakersfield) within a known "Source State" (California), that is, a location that tends to supply a large amount of illegal narcotics to the Eastern District of Tennessee. Based on my training and experience, I also know it is common for shippers of illegal drugs and their proceeds to opt for the Retail Express Mail option offered by USPS which offers overnight, and two-day shipping services, at an increased shipping price. This is often utilized by those involved in the trafficking of illegal drugs and their proceeds as it limits the amount of time a parcel is in the mail stream making it

more difficult for interception by law enforcement. This parcel was sent using Retail Express. On December 7, 2021, **TT2** signed up to receive text alerts on the status and location of this parcel. On December 9, 2021, **TT2** was utilized to call the USPS Customer Service to inquire about the status this this parcel and check on the status of another suspicious parcel that was being shipped from Bakersfield, CA, to Philadelphia, PA. **TT2** has been utilized to inquire about or track at least five suspicious packages traveling between Bakersfield, CA, and Chattanooga, TN, from December 2021 to present. One of these inbound parcels was picked up in person at a USPS facility and signed for by Curtis BINGHAM.

9. On January 3, 2022, **TT1** signed up to receive text alerts on the status and location of a suspicious parcel being shipped Retail Express from Chattanooga, TN, to 929 Richmond Street, Bakersfield, CA. On January 20, 2022, TFO Moon identified two suspicious outbound parcels being shipped from Chattanooga, TN, to Bakersfield, CA. These packages were shipped from the same location, at the same time, a retail counter at the USPS Post Office located at 6050 Shallowford Road Chattanooga, TN, 37421 within the Eastern District of Tennessee, and by the same person. **TT2** signed up for text alerts on one of these parcels being shipped to 929 Richmond Street Bakersfield, CA, 93307 and **TT1** signed up for text alerts on the second parcel being shipped to 2708 Saint Marys St Bakersfield, CA, 93305. TFO Moon retrieved these packages and arranged to have a K-9 conducted exterior examinations of the two parcels along with three other parcels of similar size and weight. The K-9 demonstrated a positive alert and indication on the two parcels bearing the above addresses. Utilizing this information, and other evidence obtained through investigative means, on January 24, 2022, TFO Moon applied for and received a Federal search warrant for each parcel, which were signed by United States Magistrate Judge Susan Lee.

10. On the same date, these warrants were executed on each package and subsequent to the search, TFO Moon, and your Affiant, located large amounts of U.S. Currency in each parcel. The parcel being shipped to 929 Richmond Street, Bakersfield, CA, 93307, contained approximately $18,260.00. At this time, **TT2** already opted to receive text message alerts regarding the status of this parcel's delivery. The parcel being shipped to 2708 Saint Marys St, Bakersfield, CA, 93305, contained approximately $39,000.00. At this time, **TT1** already opted to receive text message alerts regarding the status of this parcel's delivery. On January 24, 2022, **TT1** was utilized to call the USPS Customer Service to inquire about the status of the parcel that contained the $39,000.00 that was being shipped to 2708 Saint Marys Street Bakersfield, CA 93305. The caller was a male and identified himself as "James Johnson". Your Affiant believes this money was drug proceeds and being utilized to purchase the next shipment of drugs to be shipped from a supplier in California to the Eastern District of Tennessee.

11. It should be noted that all the inbound parcels have been shipped to local hotels and room numbers have not been utilized. Any local addresses utilized other than the local hotels appear to be fictitious address and names. Your Affiant has not been able to locate Curtis BINGHAM or anyone utilizing **TT1** or **TT2** based on the addresses provide on any of the parcels. Both **TT1** and **TT2** have been associated and appear to be utilized by BINGHAM through either USPS or law enforcement databases.

12. Based on my training and experience, I also know it is common for shippers of illegal drugs and their proceeds to opt for the Retail Express Mail option offered by USPS which offers overnight, and two-day shipping services, at an increased shipping price. This is often utilized by those involved in the trafficking of illegal drugs and their proceeds as it limits the amount of time a parcel is in the mail stream making it more difficult for interception by law

enforcement. Both parcels were paid for in cash which is also common among those involved in the shipment of illegal drugs and their proceeds due to the lack of identifying information required when conducting a cash transaction. Based on this agent's training and experience, this agent knows it is common for senders of illegal drugs and their proceeds to often utilize fictitious return addresses on the USPS labels. This is done in an effort to prevent, or hinder, law enforcement from identifying the subjects involved in this type of illegal activity.

13. Your Affiant believes based on training, experience, and knowledge of this investigation that Curtis James BINGHAM is utilizing **TT1** and **TT2** to facilitate the distribution of illegal drugs as well as transport illegal cash proceeds from the drug transaction in the Eastern District of Tennessee.

14. Your Affiant believes that BINGHAM is using **TT1** and **TT2** to commit violations of 21 U.S.C. 841, 846, and 843 within the Eastern District of Tennessee. Affiant is seeking this search warrant to identify the location that BINGHAM is using to store narcotics and illegal proceeds from narcotics transaction, and to identify when these narcotics are being transported in the Eastern District of Tennessee.

**Verification of Curtis James BINGHAM as User of Telephones**

15. Your Affiant believes that based upon the aforementioned probable cause, that Curtis James BINGHAM is using **Target Cell Phone #1** and **Target Cell Phone #2** to facilitate his drug trafficking activities and in the furtherance of this drug conspiracy. I believe that obtaining the requested geo-location of **Target Cell Phone #1** through T-Mobile USA and **Target Cell Phone #2** through AT&T will allow investigators to locate the subject(s) utilizing the Target Cell Phones without jeopardizing the investigation and therefore investigators will more likely be successful in obtaining the necessary evidence to further their investigation. I further believe that

the requested search warrants will enable investigators to more effectively collect evidence of the crimes being committed by the targeted organization, identify locations utilized by the organization to facilitate their criminal activities, identify co-conspirators and their locations.

16. In my training and experience, I have learned that both T-Mobile USA and AT&T are companies that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. [Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

17. Based on my training and experience, I know that T-Mobile USA and AT&T can collect E-911 Phase II data about the location of the Target Cell Phones, including by initiating a signal to determine the location of the Target Cell Phones on both T-Mobile USA's and AT&T's networks or with such other reference points as may be reasonably available.

18. Based on my training and experience, I know that both T-Mobile USA and AT&T can collect cell-site data about the Target Cell Phones. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile USA and AT&T typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

19. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

20. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 90 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phones would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachments B-1 and B-2, which is incorporated into the warrants, the proposed search warrants do not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that

the warrants authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

21. I further request that the Court direct T-Mobile USA and AT&T to disclose to the government any information described in Attachments B-1 and B-2 that is within the possession, custody, or control of T-Mobile and AT&T. I also request that the Court direct T-Mobile and AT&T to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachments B-1 and B-2 unobtrusively and with a minimum of interference with T-Mobile USA's and AT&T's services, including by initiating a signal to determine the location of the Target Cell Phones on T-Mobile USA's and AT&T's networks or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate AT&T and T-Mobile USA for reasonable expenses incurred in furnishing such facilities or assistance.

22. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phones outside of daytime hours.

23.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Additionally, this Affidavit contains statements of co-conspirators in the investigation which, if revealed at this time, may jeopardize the safety of said individuals or result in witness tampering or intimidation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
Andrew E. Bergren
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on 1/27, 2022

_____
HONORABLE SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A-1

## Property to Be Searched

1. The cellular telephones assigned call number 214-840-9783, whose wireless service provider is T-Mobile USA, a wireless telephone service provider whose legal compliance center is headquartered at 4 Sylvan Way, Parsippany, New Jersey.

2. Records and information associated with the **Target Cell Phone #1** that are within the possession, custody, or control of T-Mobile USA, including information about the location of the cellular telephones if they are subsequently assigned a different call number.

## ATTACHMENT B-1

### Particular Things to be Seized

**I.     Information to be Disclosed by the Provider**

All information about the location of the **Target Cell Phone #1** described in Attachment A-1 for a period of thirty days, during all times of day and night. "Information about the location of the **Target Cell Phone #1**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephones described in Attachment A-1.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile USA. T-Mobile USA is required to disclose the Location Information to the government. In addition, T-Mobile USA must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile USA's services, including by initiating a signal to determine the location of the **Target Cell Phone #1** on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to Be Seized by the Government

**IF LOCATION INFORMATION IS EVIDENCE OF A CRIME:**

All information described above in Section I that constitutes evidence of violations of Title 21, United States Code, Sections 841(a)(1), 846, and 843(b) involving Curtis James BINGHAM or unidentified subject(s).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

# ATTACHMENT A-2

## Property to Be Searched

3. The cellular telephones assigned call number 657-446-2070, whose wireless service provider is AT&T Wireless, a wireless telephone service provider whose legal compliance center is headquartered at 11760 US HWY 1, Palm Beach, FL 33408.

4. Records and information associated with the **Target Cell Phone #2** that are within the possession, custody, or control of AT&T Wireless, including information about the location of the cellular telephones if they are subsequently assigned a different call number.

# ATTACHMENT B-2

## Particular Things to be Seized

### III. Information to be Disclosed by the Provider

All information about the location of the **Target Cell Phone #2** described in Attachment A-2 for a period of thirty days, during all times of day and night. "Information about the location of the **Target Cell Phone #2**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephones described in Attachment A-2.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T. AT&T is required to disclose the Location Information to the government. In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T's services, including by initiating a signal to determine the location of the **Target Cell Phone #2** on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

IV. Information to Be Seized by the Government

**IF LOCATION INFORMATION IS EVIDENCE OF A CRIME:**

All information described above in Section I that constitutes evidence of violations of Title 21, United States Code, Sections 841(a)(1), 846, and 843(b) involving Curtis James BINGHAM or unidentified subject(s).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.